UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE SHAW, #26997-001,

        Petitioner,

v.                                       CASE NO.  2:13-cv-10447
                                             HONORABLE ARTHUR J. TARNOW

J.A. TERRIS,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE HABEAS
CORPUS PETITION AS MOOT AND CLOSING THIS CASE**

Petitioner Kyle Shaw has filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The habeas petition challenges a federal official's decision to postpone the recommended date for Petitioner's transfer from a federal prison to a residential re-entry center (formerly known as a community corrections center).  Because records maintained by the Federal Bureau of Prisons ("the Bureau of Prisons" or "the Bureau") indicate that Petitioner was transferred to a residential re-entry center after he filed his habeas petition, his petition is dismissed as moot.

**I.  BACKGROUND**

In 2008, Petitioner pleaded guilty in Alabama to three federal offenses:  possession with intent to distribute more than five grams of methamphetamine, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); felon in possession of firearms, 18 U.S.C. § 922(g)(1); and unlawful user of a controlled substance in possession of firearms, 18 U.S.C. § 922(g)(3).  On October 14, 2008, United States District Judge Virginia Emerson Hopkins of the Northern District of Alabama sentenced Petitioner to prison for three concurrent terms of 66 months (five and a half years).

*Shaw v. Terris*, No. 2:13-cv-10447

On February 4, 2013, Petitioner filed his habeas corpus petition. At the time, he was incarcerated at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan").

The petition and exhibits allege that, on November 16, 2012, Petitioner's case manager at FCI-Milan recommended that Petitioner be transferred to a residential re-entry center on February 7, 2013. Mr. Alvin Speights, who is a residential re-entry manager for the Bureau of Prisons, reviewed the case manager's recommendation and changed the date for Petitioner's transfer to a residential re-entry center to May 8, 2013. Petitioner claims that Mr. Speights arbitrarily, capriciously, and unilaterally altered the date for his transfer to a residential re-entry center in violation of the Bureau's program statements and his constitutional right to due process of law.

Respondent J.A. Terris urges the Court in an answer to the petition to deny relief because Petitioner did not exhaust administrative remedies for his claim. Additionally, Respondent argues that Petitioner is not entitled to relief, because Mr. Speights gave individualized consideration to Petitioner's case and because Petitioner has no due process right to be transferred to a residential re-entry center or to serve a given amount of time there.

## II. DISCUSSION

The Court finds it unnecessary to determine whether Petitioner exhausted his administrative remedies or whether Mr. Speights' decision violated Petitioner's rights, because Petitioner's claim is moot. Article III of the United States Constitution extends judicial power only to cases and to controversies. *See* U.S. CONST. art. III, § 2, cl.1.

> It is a basic principle of Article III that a justiciable case or controversy must remain "extant at all stages of review, not merely at the time the complaint

*Shaw v. Terris*, No. 2:13-cv-10447

is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997) (internal quotation marks omitted). "[T]hroughout the litigation," the party seeking relief "'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer* [*v. Kemna*, 523 U.S. 1, 7 (1998)] (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed.2d 400 (1990)).

*United States v. Juvenile Male*, __ U.S. __, __, 131 S. Ct. 2860, 2864 (2011).

If, while a case is pending, an event occurs that makes it impossible for a court to grant any effectual relief to a prevailing party, the case must be dismissed. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (citing *Mills v. Green*, 159 U.S. 651, 653 (1895)). "[T]his Court lacks jurisdiction to consider any case or issue that has 'lost its character as a present, live controversy' and thereby becomes moot." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969)).

Records maintained by the Bureau of Prisons on its official website indicate that Petitioner was transferred to a residential re-entry center in Montgomery, Alabama after he filed his habeas petition. *See* www.bop.gov.[1] Because Petitioner has been released from custody and transferred to a residential re-entry center, "no actual injury remains that the Court could redress with a favorable decision . . . ." *Demis v. Sniezek*, 558 F.3d at 513. The Court therefore must dismiss Petitioner's case as moot. *Id.* (citing *NAACP v. Parma*, 263 F.3d 513, 530 (6th Cir. 2001) (federal courts have "no authority to render a decision upon moot questions or to declare

---

[1] "'The [Bureau of Prisons] maintains an Inmate Locator Service, accessible through the [Bureau's] official Internet website, which enables the public to track the location of federal inmates. The Court is permitted to take judicial notice of information on the [Bureau's] Inmate Locator Service.'" *Demis v. Sniezek*, 558 F.3d at 513 n.2 (quoting *Harvey v. Eichenlaub,* No. 06-CV-15375, 2007 WL 2782249, at *1 (E.D. Mich. Sept. 24, 2007)).

*Shaw v. Terris*, No. 2:13-cv-10447

rules of law that cannot affect the matter at issue"); *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief.")).

### III. CONCLUSION

Petitioner received the relief he requested, and "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology of Cal. v. United States*, 506 U.S. at 12 (quoting *Mills v. Green*, 159 U.S. at 653).

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED** without prejudice. This case is hereby closed.

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: July 15, 2013

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on July 15, 2013, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary